**DAVIS et v MORAINE CENTER INC**

Ohio Appeals, 2nd Dist, Montgomery Co
No 980. Decided July 26, 1930

McMahon, Corwin, Landis & Markham, Dayton, for Davis, et.

McConnaughey, Shea, Demann & McConnaughey, Dayton, for Moraine Center Inc.

## BY THE COURT

We have examined with considerable care the rather exhaustive briefs which have been filed by counsel, and in which many of the leading authorities of this and other states are cited and discussed. We shall not attempt to discuss these authorities in detail, but our examination of the same leads to the conclusion that this case is controlled by the principles announced by our Supreme Court in the case of **Elliott v. Lawhead, 43 Oh St., 171**; and the case of **Long v. Newhouse 57 Oh St., 348** and other Ohio authorities discussed in the briefs.

In the case of Elliott v. Lawhead the Supreme Court say:

"It is true the defendant 'comes for the purpose of filing this motion and for no other purpose,' and had the motion been confined to the want of proper service it would not have operated as an appearance. It was not so limited, but embraced an additional reason, to wit, the right of the court to hear and determine the subject-matter. The rule is that where a defendant appears solely for the purpose of objecting to the jurisdiction of the court over the person, such motion is not a voluntary appearance of defendant which is equivalent to service.

Where, however, the motion involves the merits of the case made in the petition the rule is otherwise. **Handy v. Insurance Co., 37 Oh St, 366; Maholm v. Marshall, 29 Oh St, 611.**"

The fifth paragraph of the syllabus in the Elliott case is as follows:

"The appearance of defendant in court

for the sole purpose of objecting, by motion, to the jurisdiction of the court over his person, is not an appearance in the action, but where such motion also asks to have the cause dismissed on the ground that the court has no jurisdiction over the subject-matter of the action which motion is not well founded, it is a voluntary appearance, which is equivalent to service of summons."

From the reasoning found in the case reported in the **43rd Oh St, 171** and in the **57th Oh St, 348**, we cannot escape the conclusion but that the plaintiffs in error being non-residents of Ohio by virtue of the particular joint answer, which they filed entered their appearance in the case and that the ruling of the lower court was correct.

Judgment affirmed.

Kunkle, PJ, Allread and Hornbeck, JJ, concur.